IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

YOLANDE D. JOLLY, )
 )
        Plaintiff, )
vs. ) NO. CIV-07-0243-HE
 )
MICHAEL ASTRUE, Commissioner )
of the Social Security Administration, )
 )
        Defendant. )

## ORDER

Plaintiff Yolande D. Jolly instituted this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for supplemental security income. Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Robert E. Bacharach, who concluded the administrative law judge ("ALJ") erred in the credibility analysis. He recommends that the Commissioner's decision be reversed and the matter remanded for an award of benefits. The magistrate judge based his conclusion that the court should award benefits on two factors – that Ms. Jolly applied for benefits over five years ago and that the defendant had already had two opportunities to hear the evidence and render a legally sufficient decision.

The Commissioner does not object to a remand, but does object to an order directing an immediate award of benefits to the plaintiff. He contends that the five year delay was due in part to problems with the tape of the first hearing, rather than a legally insufficient decision, and that the magistrate judge is essentially substituting his credibility determination

for that of the ALJ.

Some of the factors considered when determining whether or not to award benefits are the "length the matter has been pending, and whether or not 'given the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits.'" Salazar v. Barnhart, 468 F.3d 615, 626 (10th Cir. 2006) (quoting Harris v. Sec'y of Health & Human Servs., 821 F.2d 541, 545 (10th Cir. 1987) (internal citation omitted).  While the delay in this case has not been inconsiderable, the court is not convinced on the record before it that a remand would be unproductive. Further, the nature of the basis for reversal counsels against directing a particular result.

The court adopts Magistrate Judge Bacharach's Report and Recommendation to the extent he recommends that the decision of the Commissioner be reversed, but declines to direct that benefits be awarded. Accordingly, the court **REVERSES** the final decision of the Commissioner and **REMANDS** the case for further proceedings consistent with this order and those portions of the Report and Recommendation which state the basis for the reversal. A copy of the Report and Recommendation is attached to this order,

**IT IS SO ORDERED.**

Dated this 1st day of February, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| YOLANDE D. JOLLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-243-HE |
| | ) |
| MICHAEL ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

**<u>REPORT AND RECOMMENDATION</u>**

Plaintiff Yolande Jolly seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should reverse and remand for an award of benefits.

BACKGROUND

In 2002, Ms. Jolly applied for supplemental security income based on an alleged disability. *See* Administrative Record at pp. 60-62 (certified May 26, 2007) ("Rec."). The SSA denied the application initially and on reconsideration. *Id.* at pp. 38-42, 45-46. A hearing took place,[1] and the administrative law judge found that the Plaintiff was not disabled in light of her ability to perform other work in the national economy.[2]

---

[1]  *See* Rec. at pp. 403-19.

[2]  Rec. at pp. 218-19.

The Appeals Council initially declined jurisdiction. *Id.* at pp. 229-31. However, the council later vacated that decision and ordered a remand. *Id.* at 223-24. A second hearing took place in 2006,[3] and the administrative law judge again found the Plaintiff was not disabled based on her ability to perform work in the national economy.[4] The Appeals Council declined jurisdiction,[5] and the present action followed.

As Ms. Jolly alleges, the administrative law judge erred in the credibility analysis.[6]

## STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the SSA's decision is based on an incorrect legal standard, reversal is necessary. *See Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) ("if the [administrative law judge] failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence").

## CREDIBILITY ANALYSIS

The credibility analysis is deficient for two reasons:

---

[3]   *See* Rec. at pp. 420-66.

[4]   Rec. at pp. 19-28.

[5]   Rec. at pp. 8-10.

[6]   Ms. Jolly also alleges other errors in the administrative law judge's opinion. The Court need not consider these arguments in light of the suggested reversal and remand for the erroneous assessment of credibility. *See infra* pp. 2-12.

2

- The administrative law judge failed to adequately identify the Plaintiff's statements that lacked believability or the reasons for disbelief and

- the rationale was vague and unsupportable under the record as a whole.

The threshold defect was the failure to adequately explain the credibility findings, as the judge did not identify the complaints considered incredible or state the reasons for disbelief.

Under the SSA's regulations, the administrative law judge must "give specific reasons for the weight given to the individual's statements." Social Security Ruling 96-7p, Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186, Westlaw op. at 4 (July 2, 1996). These reasons must be "articulated in the determination or decision" and "be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight" given "to the individual's statements and the reasons for that weight." *Id.* The administrative law judge did not satisfy this requirement.

In her application and oral testimony, Ms. Jolly complained of:

- migraine headaches,[7]

- back pain,[8]

- arm pain,[9]

---

[7]   Rec. at pp. 69, 95-96, 411-12.

[8]   Rec. at pp. 69, 95-96, 409-10, 415, 444-45.

[9]   Rec. at pp. 411, 414.

3

- wrist pain,[10]

- pelvis pain,[11] and

- pain and spasms in the leg.[12]

With such allegations, the judge had to consider the objective and subjective evidence and decide whether he believed Ms. Jolly's characterization of the pain. *See* Social Security Ruling 96-7p, Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186, Westlaw op. at 1-2 (July 2, 1996); *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987).

In evaluating the Plaintiff's description of the pain, the judge had to consider the:

- levels of Ms. Jolly's medications and their effectiveness,

- extent of the Plaintiff's attempts to obtain relief,

- frequency of her medical contacts,

- nature of Ms. Jolly's daily activities,

- subjective measures of credibility that were peculiarly within the judgment of the administrative law judge,

- motivation of and relationship between the Plaintiff and her other witness, and

- consistency of nonmedical testimony with the objective medical evidence.

*See Branum v. Barnhart*, 385 F.3d 1268, 1273-74 (10th Cir. 2004).

---

[10]   Rec. at p. 95.

[11]   Rec. at p. 413.

[12]   Rec. at pp. 414, 443.

4

The administrative law judge acknowledged in his decision that the medical records had reflected:

- "very chronic problems" with "[extreme] [pelvic, vulvar and vaginal] pain;"[13]
- poor sleep "secondary to pain;"[14]
- virtual inability "to wear clothes secondary to pain;"[15]
- "severe" low back pain;[16]
- use of physical therapy, steroid injections, and pain medications;[17] and
- need for a walker and/or cane.[18]

And in the hearing itself, the administrative law judge stated that he did not question the existence of "some pain." Rec. at p. 445.

The critical question was the extent and duration of the pain and how it affected Ms. Jolly's ability to perform basic work activities. While conceding "some pain," the administrative law judge admitted that Ms. Jolly's description of the symptoms would have prevented any ability to "function." *Id.* ("I don't think a person can function with the kind

---

[13]   Rec. at p. 23.

[14]   Rec. at p. 23.

[15]   Rec. at p. 23.

[16]   Rec. at p. 24.

[17]   Rec. at pp. 24, 26.

[18]   Rec. at pp. 23-26.

5

of pain you've described."). The judge presumably did not believe some of Ms. Jolly's description, but one cannot tell from the opinion which parts were rejected or why.

The credibility analysis was flawed from the start by the judge's failure to identify the portions of the Plaintiff's description that he did not believe. The administrative law judge did state: "[T]he [Plaintiff's] allegations of significant limitations in the ability to perform basic work activities are not credible to the extent alleged." *Id.* at p. 26. But Ms. Jolly had testified about numerous physical limitations, unbearable pain, and limitations in daily activity. *Id.* at pp. 436-54, 457-61. The administrative law judge did not specify which of these allegations he disbelieved.

In the absence of specific examples, the Court would have to speculate regarding which of the Plaintiff's allegations were not credible.[19] The need for such speculation is fatal.[20]

---

[19] The Defendant argues that the administrative law judge had "clearly found Plaintiff's allegations not credible to the extent they would keep her from performing a full range of sedentary work." Brief in Support of Commissioner's Decision at p. 7 (Oct. 5, 2007) (citation omitted). The Defendant is presumably correct. But the judge failed to say which of the Plaintiff's complaints were believable and which were not. *See supra* text accompanying note. Without this explanation, the Court cannot ascertain how the judge found an ability to perform sedentary work with the Plaintiff's complaints.

[20] *See McGoffin v. Barnhart*, 288 F.3d 1248, 1254 (10th Cir. 2002) (holding that the administrative law judge had erred in failing to "explain and support with substantial evidence which of [the claimant's] testimony he did not believe and why"); *Pryce-Dawes v. Barnhart*, 166 Fed. Appx. 348, 349-50 (10th Cir. Feb. 2, 2006) (unpublished op.) (holding that the credibility analysis was deficient because the "ALJ [had] not specif[ied] [the] allegations he believed to be exaggerated" and the conflict that he found between the claimant's description and the medical evidence was "not obvious"); *accord Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) ("The ALJ must specify what testimony is not credible . . . .").

6

Once the administrative law judge identified the subjective allegations believed and not believed, he had an obligation to set forth his reasons. Although some reasons were given, they are vague and unsupportable.

The judge conceded that the Plaintiff had severe wrist pain and leg cramps and acknowledged the existence of medical evidence involving severe back pain and chronic and extreme pain in the pelvis, vulvar, and vagina. *Id.* at p. 21; *supra* p. 5.[21] But the judge never discussed why the medical evidence would have cast questions on the Plaintiff's description.

The judge did refer to the use of over-the-counter medication, daily activities, medical assessments of work-related activities, and noncompliance with prescribed treatment. Rec. at p. 26. But these references were either so vague as to be meaningless or were unsupported in the record.

For example, the administrative law judge mentioned Ms. Jolly's use of pain medication and stated: "The claimant reported on several occasions that she only took over the counter medications . . . ." *Id.* At best, this statement is misleading.

When the first hearing took place, the Plaintiff had prescriptions for Elavil, Ultram, Prednisone, Zantac, Neurontin, Amitriptyline, Nabumetone, and Tizanidine. *Id.* at p. 115. But the Plaintiff was not asked about these prescriptions at either hearing. *See id.* at pp. 403-

---

[21] The Defendant states that the Plaintiff had acknowledged relief from pelvic pain only a couple of months after a 2002 surgical procedure. In support, the Defendant cites pages 449-50 of Ms. Jolly's 2006 testimony. The Defendant misreads the testimony. Ms. Jolly was discussing relief from pain in her bladder rather than her pelvis. *See* Rec. at pp. 449-50. Indeed, roughly 23 months after the surgery, Ms. Jolly testified that she was continuing to suffer from pain in her pelvis. *Id.* at p. 413.

7

19, 420-66. At the second hearing, the judge did ask about the medication being taken for the migraine headaches. *Id.* at p. 453. In response, Ms. Jolly said that she took Tylenol and Advil. *Id.* But the judge never asked about medication for pain involving the back, arm, wrist, pelvis, or leg[22] and the medical record is replete with prescriptions for relief in these body areas.[23] In fact, Ms. Jolly testified extensively about her dependence on medication to ease her pain. *Id.* at pp. 443-45. Disregarding all of this evidence and a broad spectrum of complaints, the administrative law judge relied on a single reference to the use of Tylenol and Advil for migraine headaches. Reliance on this reference, in isolation, was unreasonable when the record is viewed as a whole. *See Threet v. Barnhart*, 353 F.3d 1185, 1190 n.7 (10th Cir. 2003) (dictum) (rejecting the administrative law judge's credibility analysis in part because it had relied on the claimant's use of Tylenol without consideration of her inability to afford treatment).

The administrative law judge also commented on Ms. Jolly's daily activities. Rec. at p. 26. In part, the judge noted that the Plaintiff could not sit in the tub; stand for a long time; or perform chores, work, cooking, house-cleaning, mopping, or sweeping. *Id.* The administrative law judge also stated that Ms. Jolly could help with chores, shop for basic food items, watch television, and attend a grandchild's activities or school functions. *Id.* But the judge did not specify whether he:

---

[22]   *See supra* p. 5.

[23]   Rec. at pp. 122-23, 145, 149-50, 200, 205, 207, 276, 278, 282, 304, 306-307, 313, 316, 333, 336, 338, 341, 345, 381.

- found Ms. Jolly's description to be credible or

- believed that these activities had suggested an ability to work.

Without such explanation, the credibility analysis is incomplete.

The administrative law judge also reasoned that "the claimant's medical records" did not reflect "any limitations placed on her ability to work." *Id.* This reasoning is inaccurate, as the medical record reflects:

- Dr. Darren Goff's direction in June 2001 for pelvic rest and prohibition of heavy lifting for six weeks,[24]

- Dr. Goff's statement in June 2001 that the Plaintiff's "physical disabilities . . . require[d] her to use a walker to perform activities of daily living,"[25]

- Dr. Melinda Steelmon's acknowledgment in December 2002 that Ms. Jolly could lift only ten pounds,[26] and

- Dr. Steelmon's assessment in December 2002 that the Plaintiff's "pelvic pain at this point [made] her very much disabled until that [could] be taken care of."[27]

The Defendant argues that the medical restrictions were temporary and were consistent with the ability to perform sedentary work. But the administrative law judge did not employ this rationale. Instead, he reasoned that none of the doctors had placed any limits on the ability to work. *Id.* This statement is inaccurate, and the administrative law judge's

---

[24]   Rec. at p. 127.

[25]   Rec. at p. 317.

[26]   Rec. at p. 159.

[27]   Rec. at p. 162.

9

mistake could have affected the judge's ultimate findings on credibility. *See Romero v. Apfel*, 221 F.3d 1352, 2000 WL 985853, Westlaw op. at 3 (10th Cir. July 18, 2000) (unpublished op.) (reversing based on the administrative law judge's mistaken view of the medical record and the effect on the credibility findings).

The judge commented that the Plaintiff was not a candidate for surgery.[28] Rec. at p. 26. But the judge disregarded the reason. In August 2004, Ms. Jolly stated: "Doctor told me recently that no surgery will be done on my back because it would cause more damage." *Id.* at p. 116; *see also id.* at p. 438 (Ms. Jolly's testimony that Dr. Camerlocker had thought surgery would cause "more damage than . . . good"). Roughly two months later, Dr. Khalid Khan conducted a physical examination and stated that Ms. Jolly was "not a suitable candidate for surgery" because of her "orthopedics," which reflected "[l]ow back pain radiating into both lower extremities secondary to lumbar stenosis at multiple levels." *Id.* at p. 338. No one disputed the reasons, but the judge never discussed them. Instead, the judge apparently questioned the Plaintiff's credibility based on the physician's recommendation against surgery. *Id.* at p. 26; *see Maynard v. Astrue*, 2007 WL 495310, Westlaw op. at 6 (10th Cir. Feb. 16, 2007) (unpublished op.) (rejecting the administrative law judge's reliance on the absence of surgery because two doctors testified that they had no surgical remedy to offer and fusion surgery was contraindicated).

---

[28] The administrative law judge presumably was referring to back surgery because he acknowledged that Ms. Jolly had undergone repair on her rotator cuff. Rec. at p. 26.

10

Finally, the administrative law judge reasoned that Ms. Jolly "may have not always been compliant with prescribed medications." Rec. at p. 26. The judge did not refer to any evidence for this rationale, and none is readily apparent. If such evidence had existed, the judge would have had to consider: "(1) whether the treatment at issue would [have] restore[d] claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and, if so, (4) whether the refusal was without justifiable excuse." *Frey v. Bowen*, 816 F.2d 508, 517 (10th Cir. 1987) (citation omitted). The judge never discussed any of these factors. *See Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993) (rejecting the credibility findings in light of the judge's failure to consider the claimant's reasons for discontinuing her medication and the absence of evidence regarding the effectiveness of the drugs and the claimant's ability to work while taking them).

The administrative law judge failed to articulate which of Ms. Jolly's subjective allegations he questioned and the pain analysis was deficient. The judge's legal errors prevent meaningful review of the credibility analysis and require reversal and remand.

## THE APPROPRIATE REMEDY ON REMAND

With the reversal, the Court could remand to the SSA for further hearing or direct an award of benefits to the claimant. *See Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). The Plaintiff seeks a remand for an award of benefits. Two factors strongly support the request.

11

First, Ms. Jolly applied for benefits over five years ago,[29] and further delay would be inequitable.[30]

Second, the agency has already had two opportunities to hear the evidence and render a legally sufficient decision. *See supra* pp. 1-2. "The [SSA] is not entitled to adjudicate a case '*ad infinitum* until it correctly applies the proper legal standard and gathers evidence to support its conclusion.'" *Sisco v. United States Department of Health and Human Services*, 10 F.3d 739, 746 (10th Cir. 1993) (citation omitted).

The two factors should result in instructions for payment of benefits rather than reconsideration by the SSA.

RECOMMENDATION AND NOTICE OF THE RIGHT TO OBJECT

The Court should reverse and remand with directions for the SSA to award disability insurance benefits.

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is December 11, 2007. *See* W.D. Okla. LCvR 72.1. The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised

---

[29] *See* Rec. at p. 19 (noting an application date of September 20, 2002).

[30] *See Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993) (award directed when the claim was pending over four years); *Frey v. Bowen*, 816 F.2d 508, 518 (10th Cir. 1987) (award directed when more than six years had passed since the claimant's application for disability benefits).

12

for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## STATUS OF THE REFERRAL

The referral is terminated.

Entered this 21st day of November, 2007.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

13